# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2022

Lyle W. Cayce
Clerk

No. 19-50954

Gino Carlucci,

*Plaintiff—Appellant*,

*versus*

Rachel Chapa, Warden, Federal Correctional
Institution La Tuna; Mr. Niles, Associate Warden,
Federal Correctional Institution La Tuna; Dr. M.
Springer, D.D.S.; Dr. Thomas, D.D.S.; R. Acosta, Human
Resource Coordinator; Mr. Dunigan, Human Resources
Coordinator,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-166

Before Higginbotham, Smith, and Ho, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-50954

Gino Carlucci, proceeding pro se, filed a *Bivens* action against various prison officials and employees, alleging that they deprived him of necessary dental treatment in violation of the Eighth Amendment.[1] The district court dismissed Carlucci's complaint as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(g). Carlucci timely filed a notice of appeal.

**I.**

We vacate and remand the district court's dismissal of Carlucci's deliberate indifference claim against Dr. Springer because Dr. Springer was not properly served, failed to make an appearance, and failed to move in this Court to dismiss Carlucci's claim against him. Thus, the district court should not have dismissed the claim against Dr. Springer on the merits. On remand, the district court is instructed to apply Rule 4(m).[2]

This case has been fully considered by the district court as to Chapa, Niles, Thomas, Acosta, and Dunigan. We affirm the district court's grant of Defendants' motion to dismiss or motion for summary judgment in the alternative.

**II.**

Carlucci also challenges the district court's order of a strike under § 1915(g) following the dismissal of his complaint. The district court did not dismiss Carlucci's entire case for being "frivolous, malicious, or for a failure to state a claim."[3] Some of Carlucci's claims were dismissed beyond the

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Fed. R. Civ. P. 4(m).

[3] *See Brown v. Megg*, 857 F.3d 287, 290–92 (5th Cir. 2017).

No. 19-50954

pleadings stage on a motion for summary judgment. As such, we vacate the district court's order of a strike pursuant to § 1915(g).

\*    \*    \*

We AFFIRM in part and VACATE and REMAND in part.